**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROSEANNA DANLEY,**

    **Plaintiff,**

v.                                            Case No.  8:07-CV-1609-T-30EAJ

**WORLD DINING TAMPA, LLC and**
**JOSEPH C. MOULTON,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion for Judgment on the Pleadings as to Defendant Moulton (Dkt. 8). Having considered the record and being otherwise advised in the premises, the Court determines that the motion should be granted.

Plaintiff initiated this cause of action by filing a complaint for overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), in violation of 29 U.S.C. § 207(a)(1). Plaintiff was employed as a cashier by Defendant World Dining. The Clerk entered a default against Defendant World Dining on November 7, 2007, pursuant to Fed. R. Civ. P. 55(b) for failure to plead or otherwise defend as provided in the[] rules" governing civil actions in federal court.[1]

---

[1] The answer filed by Defendant Moulton *pro se* is not considered filed on behalf of Defendant World Dining because a corporation may appear and be heard **only** through counsel admitted to practice in accordance with Local Rules 2.01 or 2.02 (M.D. Fla. 2006).  Defendant Moulton does not purport to be an attorney admitted to practice within this jurisdiction, and a search of the Court's records reveals that as of this date, he is not listed on the Middle District of Florida's Attorney Roll.

In his answer to the Complaint, Defendant Moulton concedes liability for $476.10 in unpaid overtime wages owed to Plaintiff due to a "misunderstanding of the law" (Dkt. 6). By failing to deny that he was Plaintiff's employer under 29 U.S.C. § 203(d), as alleged in the Complaint, Defendant Moulton has admitted to being her employer. See Fed. R. Civ. P. 8(d) ("averments in a pleading to which a responsive pleading is required . . . are admitted when not denied in the responsive pleading"). See also Sinclair Refining Company v. George L. Howell, 222 F.2d 637, 639-40 (5th Cir. 1955).[2]

Plaintiff seeks a judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P., in the amount conceded by Defendant, plus reasonable attorney fees and costs. The FLSA provides, in pertinent part, that:

> The court in [an unpaid overtime compensation] action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

29 U.S.C. § 216(b).

It is, therefore, ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Judgment on the Pleadings as to Defendant Joseph C. Moulton (Dkt. 8) is **GRANTED**.

2. The Clerk is directed to enter final judgment in favor of Plaintiff against Defendant Moulton in the total amount of $476.10.

3. This Court will retain jurisdiction on the issue of attorney's fees.

---

[2] Fifth Circuit cases decided prior to October 1, 1981, are binding precedent in this circuit. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

4. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 16, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1609 Grant Default on Overtime.wpd