## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ROSEANNA DANLEY,**

    **Plaintiff,**

v.                                                    **Case No.  8:07-CV-1609-T-30EAJ**

**WORLD DINING TAMPA, LLC and**
**JOSEPH C. MOULTON,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Plaintiff's Motion for Award of Attrorney's [sic] Fees (Dkt. #13) and Bill of Costs (Dkt. #15). Plaintiff initiated this cause of action by filing a complaint for overtime wages pursuant to the Fair Labor Standards Act of 1938, as amended ("FLSA"), in violation of 29 U.S.C. § 207(a)(1). The Clerk entered a default against Defendant World Dining on November 7, 2007, pursuant to Fed. R. Civ. P. 55(b) for failure to plead or otherwise defend as provided in the rules governing civil actions in federal court. On November 16, 2007, Plaintiff's Motion for Judgment on the Pleadings as to Defendant Joseph C. Moulton was granted, see Dkt. 10. The Court retained jurisdiction on the issue of attorney's fees and costs.

The FLSA provides that "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Calculating an appropriate fee award under federal

law involves a two-step process. Norman v. Housing Authority of City of Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). The court first calculates the "lodestar" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. Id. The court may then adjust the lodestar upward or downward based on an evaluation of the factors articulated in Hensley v. Eckerhart, 461 U.S. 424, 434 (1983), that have not been subsumed in the lodestar calculation. Id.

As the Eleventh Circuit has recognized, "[u]ltimately, the computation of a fee award is necessarily an exercise of judgment[] because 'there is no precise rule or formula for making these determinations.'" Villano v. City of Boynton Beach, 254 F.3d 1302, 1305 (11th Cir. 2001). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985); ACLU v. Barnes, 168 F.3d 423, 427 (11th Cir. 1999). Thus, the applicant must produce satisfactory evidence that the requested rate is within the prevailing market rates and supports the number of hours worked and the rate sought. Hensley, 461 U.S. at 433.

Plaintiff seeks an award of attorney's fees for the services provided by Attorney Charles L. Scalise in connection with this case. In support of the request for attorney fees, Plaintiff filed an affidavit executed by Scalise and a copy of the hours billed for the case. Scalise's affidavit, standing alone, is not a sufficient basis for determining the lodestar. "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work . . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence

of market rate." Norman, 836 F.2d at 1299. The Court may, however, use its discretion and expertise to determine the appropriate hourly rate to be applied to an award of attorney's fees. See Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman, 836 F.2d at 1303; see also Scelta v. Delicatessen Support Servs., Inc., 203 F.Supp.2d 1328, 1331 (M.D.Fla. 2002).

According to Plaintiff's records, Scalise worked 15.2 hours at a rate of $300.00 per hour for a total of $4,560.00.  Additionally, the records indicate that Plaintiff's paralegal worked 0.7 hours at a rate of $95.00 per hour for a total of $66.50.  Scalise has been licensed in Florida since 1988. He has over 18 years of litigation experience and has practiced exclusively in the area of employment law for 7 years. Scalise avers that $300.00 is a reasonable hourly rate for his work, citing three FLSA cases litigated in the Orlando Division of this Court. Having reviewed the cases cited by Plaintiff, the Court finds that the cases are distinguishable.

In Coon v. The Palm Hotel, et al., 6:06-CV-47-Orl-28DAB (M.D. Fla. 2007), the parties entered into a settlement agreement eleven months after the complaint was filed that provided, *inter alia*, that "Defendants agree that the fees and costs to be paid by Defendants are reasonable." See id., Dkt. 27 at 2. In approving an hourly rate of $300 per hour in Smith v. Richard's Restoration, Inc. et al., 6:05-CV-1072-Orl-DAB (M.D. Fla. 2007), a case that took two years of litigation before reaching a final resolution, the district court noted that "[a]lthough these amounts are far greater than those usually awarded in this District for like work, a review of the file confirms that this case was particularly complex, involving motions to dismiss, discovery practice, and protracted settlement and mediation efforts." Finally,

nearly two years after the complaints were filed and extensive discovery undertaken, the district court conducted a two-day bench trial in the consolidated cases of <u>Harry Armitage v. Dolphin Plumbing, Inc.</u>, 6:05-CV-890-Orl-19KRS (M.D. Fla. 2007) and <u>Thomas Armitage v. Dolphin Plumbing, Inc.</u>, 6:05-CV-891-Orl-19DBS (M.D. Fla. 2007). Having found that he was an "employee" while assigned to defendants' construction projects rather than an independent contractor, the district court awarded Harry Armitage unpaid overtime compensation, liquidated damages, and attorney fees and costs. Thomas Armitage failed to prevail, however, with the district court finding that as a project manager, he held an executive position while assigned to defendants' construction projects. The district court further found that although it was precluded from granting defendant's motion for attorney's fees, it could, and did, grant defendant's motion for costs.

In the instant case, the complaint was filed on September 10, 2007. Defendant Joseph Moulton conceded liability on November 2, 2007. The Clerk entered a default against Defendant World Dining on November 7, 2007. There is no settlement agreement in this case, and Defendants have not otherwise stipulated that $300.00 is a reasonable hourly rate for Scalise's time. The complaint presents a straight forward claim for overtime compensation under the FLSA. This type of litigation is repetitive and neither party filed any novel or complex motions. Notably, the pleadings in this case are extremely similar to those filed by Scalise in other cases.

The Court concludes that this case does not support the rate requested. Considering the legal market and awards in similar cases within this district, the Court finds that an hourly rate

of $250.00 for work performed by Scalise is appropriate in the absence of an objection. Accordingly, Scalise's hourly rate will be reduced from $300.00 per hour to $250.00 per hour. See Mata v. Flood DR., LLC, et al., 2007 WL 4145955, at *4 (M.D. Fla. 2007), Case No. 6:07-CV-449-Orl-18KRS; Nikitina v. Tilak Enterprise of America, 2007 WL 3407404, at *3 (M.D. Fla. 2007), Case No. 6:06-CV-1712-Orl-31KRS; Reyes v. Falling Star Enterprises, 2006 WL 2927553, at *3 (M.D. Fla. 2006), Case No. 6:04-CV-1648-Orl-18KRS.

Plaintiff also seeks compensation for the work of Silva Jolly, a trained paralegal. Plaintiff seeks a rate of $95.00 per hour for Ms. Jolly's services. The Court finds that, in the absence of an objection, the rate of $95.00 per hour is a reasonable fee for Ms. Jolly's paralegal services. See Ochoa v. Alie Bros., Inc., 2007 WL 3334332, at *2 (M.D. Fla. 2007), Case No. 6:06-CV-609-Orl-DAB.

Based on its review of the time sheets submitted in support of the motion, the Court has determined that the total number of hours charged to this matter by Scalise should be reduced from 15.2 hours to 10.2 hours.[1] Accordingly, the Court finds that Plaintiff is entitled to $2,616.50 in attorney's fees ([10.2 hours @ $250.00 hourly = $2,550.00] + [0.7 hours @ $95.00 hourly = $66.50]). This Court further finds that $450.00 is recoverable and taxable as costs for Plaintiff, see Dkt. 15.

It is therefore ORDERED AND ADJUDGED that:

---

[1] First, as to the entry for November 6, 2007, regarding the preparation of the motion for judgment on the pleadings, billed at 3.2 hours, the Court finds the number of hours billed for this task excessive. The Court is of the opinion that 1.0 hours for this task is reasonable. Likewise, the entries for November 26-27, 2007, totaling 4.3 hours are excessive. The Court considers 1.5 hours reasonable for these tasks.

1.	Plaintiff's Motion for an Award of Attrorney's [sic] Fees (Dkt. 13) is **GRANTED** in the amount of $2,616.50.

2.	Plaintiff's request for an assessment of costs is granted in the amount of $450.00 (Dkt. 15).

3.	The **Clerk** is directed to enter a judgment for fees in favor of Plaintiff Roseanna Danley against Defendants World Dining Tampa, LLC, and Joseph C. Moulton, jointly and severally, in the total amount of $2,616.50.

4.	The **Clerk** is directed to enter a judgment for costs in favor of Plaintiff Roseanna Danley against Defendant Joseph C. Moulton in the total amount of $450.00.

**DONE** and **ORDERED** in Tampa, Florida on December 5, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1609 Grant Atty fee.wpd